IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **GWINNETT PLACE MALL GA, LLC,**<br><br>    Plaintiff,<br><br>vs.<br><br>**MALL AT GWINNETT PLACE, LLC** also d/b/a Gwinnett Place and **LAKESIDE BANK** a/k/a Lakeside Bancorp, Inc.,<br><br>    Defendants. | **CIVIL ACTION NO.** |

## COMPLAINT

COMES NOW Plaintiff GWINNETT PLACE MALL GA, LLC ("Plaintiff GPMG") and makes this complaint against MALL AT GWINNETT PLACE, LLC also d/b/a Gwinnett Place ("MGP") and LAKESIDE BANK a/k/a Lakeside Bancorp ("Lakeside Bank"), showing as follows:

### Subject Matter Jurisdiction

1.

Plaintiff GPMG is owned by Moonbeam Equities XI, LLC, and Moonbeam Equities is, in turn, owned by Moonbeam Capital Investments LLC and AT Realty Holdings, LLC.

2.

Moonbeam Capital Investments LLC, above, is owned by Moonbeam Holdings Limited, a Nevada corporation with its principal place of business in Nevada, Steve Maksin, a citizen of New York, and Optacomm Trading & Capital, Inc., a Nevada corporation with its principal place of business in Nevada.

3.

AT Realty Holdings LLC, above, is owned by five "AT" companies, each of which is owned by a trust, as follows: AT Realty I LLC owned by the GTI 2013 (CI) Trust, AT Realty II LLC owned by the GTII 2013 (CI) Trust, AT Realty III LLC owned by the ATI 2013 (CI) Trust, AT Realty IV LLC owned by the ASI 2013 (CI) Trust, and AT Realty V LLC owned by the ASI 2013 (CI) Trust.  The citizenship of the owner of each Trust is Russian, and the Trustee of these Trusts is a citizen of Russia.

4.

Defendant MGP is a Delaware limited liability company and on information and belief is owned by Simon Property Group, Inc. ("Simon"), a Delaware corporation that is a citizen of Indiana.  While MGP's principal place of business may have been in the State of Georgia when it owned the Gwinnett Place Mall, on information and belief its current principal place of business today is in Illinois.

5.

Defendant Lakeside Bank is incorporated in Illinois, has a principal place of business at 55 West Wacker Drive, Chicago, Cook County, Illinois 60601 and on information and belief is a citizen of Illinois.

6.

This Court has subject matter jurisdiction pursuant to 28 U.S.C.A. ¶1332(a)(1) based on the diverse citizenship of the Parties, discussed above, and because the amount in controversy, further discussed below, exceeds $75,000.

**Personal Jurisdiction**

7.

Plaintiff GPMG is a Georgia limited liability company that owns the property commonly known as Gwinnett Place Mall, located at 2100 Pleasant Hill Road, Duluth, Gwinnett County, Georgia 30096 ("Property"). GPMG has a principal place of business in Suite 250 at the Property.

8.

Defendant MGP previously owned the Property and leased and managed the Property from offices located on the Property. MGP is still registered to do business in Georgia, and maintains a registered agent, Corporation Process

Company, located at 2180 Satellite Boulevard, Suite 400, Duluth, Gwinnett County, Georgia 30097, through whom it may be served with process.

9.

Defendant MGP is subject to this Court's jurisdiction because it has had multiple, continuous, and systematic contacts with the State of Georgia by owning, operating, and leasing the Property and otherwise doing business in this state.

10.

Defendant MGP has also withheld from Plaintiff GPMG funds arising from its Georgia leases of the Property and to which GPMG is entitled and the claims for which form the basis of this lawsuit.

11.

MGP has had sufficient notice that it could be subject to suit in Georgia, is subject to general and specific jurisdiction in this state, and that jurisdiction is otherwise consistent with additional limitations, if any, of Georgia's Long Arm Statute, O.C.G.A. ¶ 9-10-91, the Georgia Constitution, and the United States Constitution.

12.

Defendant Lakeside Bank a/k/a Lakeside Bancorp, Inc. is an Illinois corporation with a headquarters at 55 West Wacker Drive, Chicago, Cook County, Illinois and

may be served through its registered agent, Philip D. Cacciatore, at 2800 N. Ashland Avenue, Chicago, Cook County, Illinois, 60657-4002.

13.

On information and belief, Defendant Lakeside Bank is not registered to do business in Georgia, however, it maintains at least three business bank accounts for Defendant MGP. Those accounts contain security deposits from the leases of the Property, and which deposits form the subject matter of this lawsuit. Ever since MGP acquired title to the Property, Defendant Lakeside Bank has mailed and continues to mail statements for three bank accounts to MGP at a Georgia address and which address was formerly MGP's principal place of business, located at the Property.

14.

By knowingly doing business with and holding funds for out-of-state companies, Defendant Lakeside Bank has had reasonable notice that it could be subject to suit outside Illinois.  By doing business with MGP, accepting deposits from MGP, and mailing statements to MGP at a Gwinnett County Georgia address, Lakeside Bank has purposefully availed itself of the protections of Georgia law.  By accepting and maintaining the deposits which are the subject matter of this lawsuit, it is subject to this Court's specific jurisdiction, the exercise of which is otherwise

consistent with due process under the U.S. Constitution, the Georgia Constitution, and Georgia's Long Arm Statute, supra.

## Venue

15.

Venue is proper pursuant to 28 U.S.C.A. ¶¶ 1391(c)(2) and (b)(1) in that both Defendants are subject to the Court's personal jurisdiction as to their contacts with the Property located in Gwinnett County, Georgia, and which contacts which relate to leases of that Property, and the holding of the at-issue security deposits for that Property.

16.

Venue is proper pursuant to 28 U.S.C.A. ¶¶ 1391(c)(2) and (b)(2) because the security deposits were made pursuant to leases and leased property in Gwinnett County, Georgia.

## Property Ownership

17.

Defendant MGP owned the Gwinnett Place Mall Property from July 2007 to August 2012 and leased the Property to numerous retail Tenants ("Leases" and "Tenants" herein) during that period.

18.

On information and belief, the Tenants, pursuant to the Leases, paid security deposits to Defendant MGP and which Defendant MGP deposited into accounts at Defendant Lakeside Bank, true and correct copies of the statements for which are attached and incorporated as Exhibits "A-1", "A-2", and "A-3".

**Security Interests & Security Deposits**

19.

During MGP's ownership of the Property, Merrill Lynch Mortgage Lending ("MLML") held a security deed on the Property and transferred that security deed to U.S. Bank on August 16, 2007.  That security deed included expansive rights to leases and rents of the Property, including security deposits.

20.

U.S. Bank foreclosed on its security deed on or about August 7, 2012, successfully bid on the Property at its sale, and then sold the Property to GPMG on or about October 11, 2013.

21.

Pursuant to U.S. Bank's sale to GPMG, all right, title, and interest in the Property was transferred to GPMG, including right, title, and interest in tenant leases as well as the Security Deposits paid by tenants pursuant to those Leases.

22.

Neither Defendant MGP nor anyone else returned all of the Security Deposits to Tenants, U.S. Bank, or MGP, whether before, during, or after the foreclosure sale, described above.

23.

GPMG became aware of the Security Deposits because Defendant Lakeside Bank continued to send account statements to a particular suite address at the Property, that suite address having been previously occupied by MGP and now occupied by GPMG since its purchase of the Property.  Some of those statements are attached hereto as Exhibits "A-1", "A-2", and "A-3".

24.

GPMG demanded the security deposits via a letter received by Defendant MGP, care of Simon, on or about January 20, 2015, a true and correct copy of that demand being attached hereto as Ex. "A-4".

25.

Despite receipt of the demand, MGP has not responded to GPMG in any manner or otherwise turned over the Security Deposits.

COUNT I- CONVERSION

26.

GPMG restates and reincorporates the previous allegations.

27.

GPMG has title or other rights to possession of the Security Deposits because of its lease and ownership rights, as well as the express transfers to it of rights in security deposit accounts for the Property.

28.

Defendant MGP has actual possession of the Security Deposits as shown by its failure to respond to the demand, Exhibit "A-4", as well as those funds being kept in the bank accounts, Exhibits "A-1", "A-2", and "A-3".

29.

MGP has otherwise misappropriated funds to which GPMG is entitled, regardless of whether GPMG has permanent or "absolute" rights to those funds and regardless of whether the funds are security deposits.

30.

MGP has failed and refused to return the Security Deposits, therefore, GPMG has been damaged in an amount of at least $79,819.32, the amount of the converted funds.

## COUNT II- CONSTRUCTIVE TRUST

31.

GPMG restates and reincorporates the previous allegations.

32.

By failing and refusing to transfer possession or control of the security deposits to GPMG, MGP has interfered with GPMG's interest in the Security Deposits, regardless whether any of those Security Deposits will ultimately vest in any tenants at the Property.

33.

Defendant MGP is not authorized to assert an interest in the Security Deposits, nor is it authorized to maintain possession of those deposits.

34.

It is against equity that title, possession, or control of the Security Deposits should be retained by Defendant MGP, regardless whether the funds have been acquired or maintained though fraud or other wrongful conduct.

35.

Both Defendants have possession or control of the Security Deposits held in the Lakeside accounts. The Court should impose a constructive trust on the funds in those accounts as well as the proceeds of any amounts previously in those accounts. That trust should be for the benefit of GPMG, regardless of whether GPMG ultimately holds all or some of those funds in escrow for other persons or entities who are not parties to this lawsuit.

COUNT III- INTERPLEADER

36.

GPMG restates and reincorporates the previous allegations.

37.

On information and belief, Defendant Lakeside Bank has not knowingly held, maintained, or otherwise restricted GPMG's access to the Security Deposits in contravention to GPMG's rights.

38.

To the extent that either Defendant does not equitably interplead the at-issue deposits into the Court Registry, the Court should order a collateral interpleader of those funds.

## COUNT IV- ACCOUNTING

39.

GPMG restates and reincorporates the previous allegations.

40.

To the extent that MGP will not, through the initial discovery and disclosure proceedings in this action, account for the specific origins of the funds claimed by GPMG, GPMG is entitled to a statement of account or a legal accounting, by Court order, as to those funds pursuant to O.C.G.A. ¶11-9-10 and applicable federal law.

41.

To the extent that Defendant MGP will not or cannot account at law for the specific origins of the funds claimed by GPMG, MGP should so be compelled to account pursuant to the Court's equitable powers.

Plaintiff GPMG prays that:

a) service issue and be served on Defendants as provided by law;

b) it have an award for conversion against Defendant MGP for at least $79,819.32;

c) the Court impose a constructive trust as to the funds in the accounts, described above, as well as their proceeds;

d) in the absence of adequate discovery responses regarding same, that Defendants MGP be compelled to account for the funds in the accounts whether at law or by equity;

e) any and all further relief which the Court determines is proper.

Respectfully submitted, this 17th day of June, 2015

**/s/ Griffin B. Bell, III, Esq.**
Attorney Bar No. 048050 (GA)
Attorney for Plaintiff
Griffin Bell III, P.C.
309 Sycamore Street
Decatur, Georgia 30030
(404) 458-4086
Email: gbb@gb3pc.com

*Counsel for Plaintiffs*

*I certify that this documents was prepared in Times New Roman 14 point font, and that the margins are compliant with Local Rule 7.1 D.*

*/s/*
*Griffin Bell III*
